Phenix Ins. Co. v. Bohman.

PHENIX INS. CO., OF BROOKLYN, v. M. T. BOHMAN.

[FILED JANUARY 2, 1891.]

Justice of the Peace: CANNOT PURCHASE JUDGMENT FOR COSTS. Sec. 1101 of the Code of Civil Procedure makes it unlawful for a justice of the peace to purchase a judgment upon any docket in his possession, and this prohibition applies to an interest in a judgment rendered for costs.

ERROR to the district court for Colfax county. Tried below before POST, J.

*Phelps & Sabin,* and *H. C. Brome,* for plaintiff in error.

*Geo. H. Thomas, contra,* cited: *Sechler v. Stark,* 12 Neb., 242.

NORVAL, J.

This suit was brought by the defendant in error in the district court of Colfax county. For a first cause of action he alleges that he is a justice of the peace for Schuyler precinct, in said county; that the insurance company commenced before the plaintiff as such justice of the peace several suits against different parties, which were prosecuted to final judgment; that the legal fees of the plaintiff therein amounted to $14.15 and that no part thereof has been paid.

For a second cause of action the petition avers that one Frank Frazier, a constable for Colfax county, served the processes and performed other services, as constable, for the plaintiff in error, in the several causes pending before the defendant in error as justice of the peace; that the legal fees of said Frazier therein amounting to $46.65, and taxed as costs in the several cases, have not been paid; and that said fees have been assigned to Bohman.

The insurance company for answer to the first cause of action plead a set-off of $12.21, and interposed a general demurrer to the second cause of action. The demurrer was overruled and judgment was entered for the plaintiff upon the pleadings upon both causes of action for the amounts therein claimed, less the amount of the set-off.

Section 1101 of the Code of Civil Procedure provides that "It shall not be lawful for any justice of the peace to purchase any judgment upon any docket in his possession; and for so doing and for every offense such justice shall

forfeit and pay a sum not more than fifty dollars, nor less than ten dollars, to be recovered by an action before any court having jurisdiction thereof, and, when collected, shall be paid into the treasury of the county where such offense was committed."

. The language used by the legislature in the section quoted is clear and explicit. It makes it unlawful for a justice of the peace to buy a judgment upon any docket in his possession. Nor can such officer lawfully purchase any interest in such a judgment. The fees earned by Frazier in the various suits brought by the plaintiff in error before Bohman, as justice of the peace, were taxed as costs therein and constituted a part of the several judgments. The costs taxed in a case, when collected, belong to the officers who earned the same. While it is doubtless true that an officer may maintain an action against the party for whom he renders services, for his fees, it does not follow that that is his only remedy. He may rely on the enforcement of the judgment for costs in the case in which the services were performed. We are of the opinion that the purchase by Bohman of the constable's fees taxed on the docket in the possession of the plaintiff below is prohibited by the statutes. It follows that no recovery can be had under the second cause of action. Unless the defendant in error shall file with the clerk of this court within thirty days a remittitur for the sum of $46.65, the judgment of the district court will be reversed; but in case such remittitur is filed within the time stated, the judgment will be affirmed for $39.35.

JUDGMENT ACCORDINGLY.

THE other judges concur.